UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TERRY CLARK,<br>    Petitioner, | Case No. 1:18-cv-263 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| WARDEN, WARREN<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate currently in state custody at the Ross Correctional Institution (*see* Doc. 16),[1] in Chillicothe, Ohio, has filed a pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. This matter is before the Court on respondent's motion to dismiss. (Doc. 7). Also before the Court are petitioner's motions to amend the amount of damages requested in the petition (Doc. 5) and to stay proceedings to allow him to exhaust a motion to vacate judgment and conviction currently pending in the state courts (Doc. 14).

## I.    PROCEDURAL HISTORY

### State Convictions and Sentences

In 2013, the Hamilton County, Ohio, grand jury returned an indictment charging petitioner with one count of murder, in violation of Ohio Rev. Code § 2903.02(A), with specifications (Count One), one count of murder, in violation of Ohio Rev. Code § 2903.02(B), with specifications (Count Two), one count of felonious assault, in violation of Ohio Rev. Code § 2903.11(A)(2), with specifications (Count Three), one count of felonious assault, in violation of Ohio Rev. Code § 2903.11(A)(1), with specifications (Count Four), one count of having weapons while under disability, in violation of Ohio Rev. Code § 2923.13(A)(2) (Count Five),

---

[1]As reflected in the case caption, petitioner was incarcerated at the Warren Correctional Institution at the time he filed this action. (*See* Doc. 9).

and one count of having weapons under disability, in violation of Ohio Rev. Code § 2923.13(A)(3) (Count Six). (Doc. 6, Ex. 1). Petitioner, though counsel, entered a plea of not guilty. (*See* Doc. 6, Ex. 4). Petitioner's case proceeded to a bench trial. (Doc. 6, Ex. 2).

During trial, the court became aware of an episode of witness intimidation, ordered anyone entering the courtroom to present a valid form of identification, and banned cellphones from the courtroom. (*See* Doc. 6, Ex. 9, at PageID 196).[2] On April 16, 2015, the court found petitioner guilty of Counts Two through Four but acquitted him of Counts One and Six. (Doc. 6, Exs. 3, 4). Petitioner was sentenced to an aggregate prison term of 18 years to life. (Doc. 6, Ex. 3, at PageID 151).

## Direct Criminal Appeal

Petitioner, though counsel, filed an appeal to the Ohio Court of Appeals on May 8, 2015. (Doc. 6, Ex. 5). Petitioner raised the following four issues on appeal:

1. The Right to A Public Trial is a Fundamental Constitutional Guarantee Under the United States and Ohio Constitutions. The Presumption of a Open, Public Trial Can Only be Overcome Based on Findings Closure is Essential to Preserve Higher Values and is Narrowly Tailored to Serve the Interest. The Trial Court Must Satisfy Four Requirements to Properly Close the Courtroom. Did the Trial Court Violate [Petitioner's] Right to a Public Trial by Clearing and Closing the Courtroom Without Satisfying any of the Four Requirements?

2. [Petitioner's] Constitutional Rights Under the Untied States and Ohio Constitutions Were Violated When Proceedings Were Conducted When [Petitioner] was not Present in the Courtroom.

3. The Constitution Prohibits a Conviction Which is Against the Manifest Weight of the Evidence. A Court May Not Convict a Defendant Where the Trier-of-Fact Loses its Way in Weighing the Evidence. Was [Petitioner's] Conviction a Manifest Miscarriage of Justice?

---

[2]The Ohio Court of Appeals set forth the facts of this case on direct appeal. (*See* Doc. 6, Ex. 8). These binding factual findings "shall be presumed to be correct." 28 U.S.C. § 2254(e).

4. Use of Felonious Assault as the Predicate Felony for [Petitioner's] Conviction of Felony Murder Violates [Petitioner's] Due Process Rights Guaranteed in The United States and Ohio Constitutions.

(Doc. 6, Ex. 6). On March 11, 2016, the Ohio Court of Appeals affirmed the trial court's judgment. (Doc. 6, Ex. 8). Petitioner appealed to the Ohio Supreme Court (Doc. 6, Ex. 9), raising the following issue:

   1. A trial court should use the criteria set forth in *Waller v. Georgia*, [467 U.S. 39 (1984)], and *State v. Drummond*, [854 N.Ed.2d 1038 (Ohio 2006)], before imposing an identification requirement that excludes some members of the public from attending a criminal trial.

(Doc. 6, Ex. 10). On July 27, 2016, the Ohio Supreme Court declined to accept jurisdiction pursuant to Ohio S. Ct. Rule 7.08(B)(4). (Doc. 6, Ex. 12).

On January 17, 2017, the United States Supreme Court denied certiorari. (Doc. 6, Ex. 13).

**State Post-Conviction Motions**

On June 8, 2016, petitioner, through counsel, filed an application to reopen his direct appeal, pursuant to Ohio App. Rule 26(b). (Doc. 6, Ex. 14). Therein, he alleged that he was denied effective assistance of appellate counsel. (*Id*.). On September 28, 2016, the Ohio Court of Appeals denied the application to reopen. (Doc. 6, Ex. 16). The Ohio Supreme Court declined further review, pursuant to Ohio S. Ct. R. 7.08(B)(4). (Doc. 6, Ex. 20).

On March 27, 2018, petitioner filed a pro se motion to vacate judgment and conviction in the trial court, asserting that the original criminal complaint filed against him in the Hamilton County Municipal Court failed to allege the culpable mental state for murder. (*See* Doc. 6, Ex. 21). The trial court denied the motion on May 29, 2018. (Doc. 6, Ex. 23). It appears that

3

petitioner appealed the denial of his motion to vacate, and the matter is currently pending before the Ohio Court of Appeals.[3]

## Federal Habeas Petition

Petitioner filed his pro se habeas petition on April 9, 2018,[4] raising the following four grounds:

> **GROUND ONE:** In his first assignment of error, petitioner argues that the trial court's closure of the court room violated his constitutional rights to a public trial.
>
> **GROUND TWO:** In his second assignment of error, petitioner argues that the trial court violated his constitutional right to be present at all stages of the proceedings pursuant to Crim. R. 43(A).
>
> **GROUND THREE:** In his third assignment of error, petitioner argues that his conviction for murder is against the manifest weight of the evidence.
>
> **GROUND FOUR:** In his fourth assignment of error, petition argues that the use of felonious assault as the predicate offense for his felony murder conviction violated his due process rights. *United States v. Berger*, [73 F.2d 278 (2d Cir. 1934)].

(Doc. 3).

Respondent has filed a motion to dismiss the petition on the grounds that it is barred by the applicable one-year statute of limitations governing federal habeas actions by state prisoners, which is set forth in 28 U.S.C. § 2244(d). (Doc. 7). Petitioner has filed a response in opposition.

---

[3]*See State v. Clark*, No. C 1800370 (Ohio App.), viewed at the Hamilton County Clerk of Courts website, www.courtclerk.org. The Court may take judicial notice of court records that are available on-line to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[4]The petition was filed with the Court on April 17, 2018. (*See* Doc. 3). However, petitioner executed the petition on April 9, 2018. (*See* Doc. 3 at PageID 85). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). It is presumed for purposes of respondent's motion to dismiss (Doc. 7) that the federal habeas corpus petition was "filed" on April 9, 2018, the date petitioner executed it.

(Doc. 12).

## II. THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in § 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a state-created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Since petitioner was aware of the facts underlying his grounds for relief by the close of

5

direct review, his federal habeas petition is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's convictions became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's convictions became final on January 17, 2017, upon the United States Supreme Court's denial of his petitioner for a writ of certiorari. (*See* Doc. 6, Ex. 13). The statute commenced running on January 18, 2017, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on January 18, 2018, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.* A Rule 26(B) application for reopening is deemed a collateral post-conviction motion. *See Lopez v. Wilson*, 426 F.3d 339, 340-41 (6th Cir. 2005) (en banc).

The statute of limitations was tolled on January 17, 2017 (the date petitioner's convictions became final) by petitioner's appeal from the denial of his Rule 26(B) application to

6

reopen, which was then pending in the Ohio Supreme Court. (*See* Doc. 6, Ex. 17). As the Ohio Supreme Court denied review on January 25, 2017 (Doc. 6, Ex. 20), the limitations period began running on January 26, 2017, and expired one year later on January 26, 2018.[5] Because petitioner's March 27, 2018 motion to vacate judgment and conviction was filed *after* the expiration of the limitations period, it had no effect on the limitations period.[6] *See Vroman,* 346 F.3d at 602.

In his opposition to respondent's motion to dismiss, petitioner asserts that, in addition to the four grounds for relief listed in the petition, he is also challenging the validity of the original criminal complaint filed against him in the Hamilton County Municipal Court. (*See* Doc. 12, at PageID 379). Construing the petition liberally, it appears that petitioner does challenge the validity of the original criminal complaint. (*See* Doc. 3, at PageID 76-81, 133). It also appears that petitioner asserts that he was entitled to a pretrial psychiatric examination and denied effective assistance of counsel in the municipal court, at trial, and on appeal. (*See id*.).

Assuming, without deciding, that petitioner properly pleaded these additional claims in his federal habeas petition, it does not alter this Court's statute-of-limitations analysis. As previously stated, petitioner has not alleged that a state-created impediment prevented him from

---

[5]Petitioner was not entitled to an additional 90 days of tolling of the limitations period in which he could have petitioned for certiorari to the United States Supreme Court. His Rule 26(B) application is considered an application for state post-conviction relief, *see Lopez*, 426 F.3d at 340-41, which, unlike "direct review" of a conviction, is not subject to an additional 90 days of tolling. *Lawrence v. Florida,* 549 U.S. 327, 337 (2007).

[6]In his motion to stay proceedings, petitioner states that the motion to vacate judgment and conviction was filed in the trial court on February 27, 2018. (Doc. 14, at PageID 398). It appears that this was the date petitioner executed the motion. (*See* Doc. 6, Ex. 21, at PageID 330). The motion, however, is file-stamped March 27, 2018. (*See id*. at PageID 320). The Ohio Supreme Court has rejected the federal mailbox rule. *See Vroman,* 346 F.3d at 604. In any event, even if the motion to vacate judgment and conviction had been filed on February 27, 2018, it still would have been filed after the expiration of the statute-of-limitations period and, thus, would not have served to toll the limitations period. *See id*. at 602.

7

filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. *See* 28 U.S.C. § 2244(d)(1)(B), (C). Nor has petitioner established that he is entitled to a later limitations start date under 28 U.S.C. § 2244(d)(1)(D). Each of the additional claims is connected to events that would have occurred prior to the close of direct review in the state courts. Petitioner has not established that he could not have discovered the factual predicates for these claims through the exercise of due diligence until a date after the statute of limitations began running under § 2244(d)(1)(A). *See DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006) ("[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D).").

On the record before the Court, the AEDPA limitations period expired as to petitioner's claims on January 26, 2018, and this petition is time-barred absent equitable tolling.

## Equitable Tolling

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in

determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner asserts in his response in opposition to respondent's motion to dismiss that he "tr[ied] to get an [e]xtension of time to file Habeas Corpus." (Doc. 12, at PageID 381). He further asserts that "[s]ince [he] didn't have a case number he couldn't get an extension." (*Id.*). Petitioner attaches to his response a copy of a January 12, 2018 letter to the Court "requesting for extension of time to file habeas corpus" (Doc. 12, at PageID 385) and an envelope addressed to petitioner from the Court dated January 25, 2018 (Doc. 3, at PageID 384). Even assuming, *arguendo*, that petitioner sent the attached letter on January 12, 2018, and it was returned to him unfiled on January 25, 2018, petitioner then waited over two months, until April 9, 2018, to file his petition for habeas corpus relief. Petitioner does not assert that he was prevented from filing the habeas petition before April 9, 2018. Rather, it appears from the record that instead of pursuing his federal claims, petitioner returned to the state courts to file a motion to vacate judgment and conviction. (*See* Doc. 6, Ex. 21). Petitioner's efforts in state court do not merit equitable tolling with respect to the deadline for filing his § 2254 petition. *See Vroman*, 346 F.3d at 605 (finding that the petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence").

9

Further, it is well-settled in the Sixth Circuit that petitioner's pro se status or lack of legal knowledge are not sufficient to warrant equitable tolling. *See, e.g., Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"). Moreover, to the extent that petitioner argues that he is entitled to equitable tolling on the basis of ineffective assistance of counsel (*see* Doc. 3, at PageID 82, 84), petitioner has not alleged how counsel's alleged ineffectiveness prevented him from timely filing his petition. Indeed, in a letter attached to the petition, it appears that the attorney who represented petitioner on the Rule 26(B) application to reopen informed petitioner in January 2017 of the January 2018 due date of his federal habeas petition. (*See* Doc. 3, at PageID 87). Petitioner has failed to demonstrate that he was diligent in pursuing his rights and is not entitled to equitable tolling.

Finally, petitioner has not demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, _ U.S. _, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

### III. PETITIONER'S MOTIONS TO AMEND AND TO STAY PROCEEDINGS SHOULD BE DENIED.

In light of the Court's recommendation to dismiss the petition (Doc. 3) with prejudice as barred by AEDPA's statute of limitations, the Court further recommends that petitioner's motions to amend the amount of damages requested in the petition (Doc. 5) and to stay

proceedings to allow him to exhaust the motion to vacate judgment and conviction currently pending in the state courts (Doc. 14) be **DENIED**.

Accordingly, the undersigned concludes that petitioner's federal habeas corpus petition (Doc. 3) is time-barred.[7] Therefore, the motion to dismiss (Doc. 7) should be **GRANTED** and the petition for a writ of habeas corpus (Doc. 3) should be **DISMISSED** with prejudice. In light of the recommendation to dismiss this action with prejudice, it is further recommended that petitioner's motions to amend (Doc. 5) and to stay proceedings (Doc. 14) be **DENIED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 7) be **GRANTED** and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED** with prejudice.

2. Petitioner's motions to amend (Doc. 5) and to stay proceedings (Doc. 14) be **DENIED**.

3. A certificate of appealability should not issue with respect to any of petitioner's time-barred claims because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling that such claims are subject to dismissal on statute of limitations grounds.[8]

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

---

[7]Because this Court recommends finding that the petition is barred by the applicable statute of limitations, it need not consider whether petitioner's claims are exhausted or procedurally defaulted.

[8]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| TERRY CLARK,<br>    Petitioner,<br><br>vs.<br><br>WARDEN, WARREN<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | Case No. 1:18-cv-263<br><br>Barrett, J.<br>Bowman, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).